# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR 04-26-LRR |
| vs. | **ORDER** |
| JOSE DE JESUS IBARRA-CASTANEDA, LUIS ARMANDO VARELA-ARTEAGA, HACIENDA LAS GLORIAS, INC., MEXICO OF CEDAR RAPIDS, INC., CUATRO, INC., and HOT SPRINGS, INC., | |
| Defendants. | |

_____

## TABLE OF CONTENTS

I.   INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III. THE MERITS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
   A.   *28 U.S.C. § 455(a)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
   B.   *28 U.S.C. § 455(b)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

IV.  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

## I. INTRODUCTION

Before the court are two recusal motions. Defendants Jose de Jesus Ibarra-Castaneda, Hacienda Las Glorias, Inc., Mexico of Cedar Rapids, Inc., Cuatro, Inc. and

Hot Springs, Inc. filed a Motion for Recusal (docket no. 249) on October 14, 2005. Defendant Luis Armando Varela-Arteaga filed a Motion for Recusal (docket no. 253) on October 18, 2005. The government resisted the motions.

The court held a hearing on the motions on October 28, 2005. Assistant United States Attorneys Kandice Wilcox and Richard Murphy represented the government. Attorney Michael Lahammer represented Defendant Ibarra-Castaneda and the corporate Defendants. Attorney Michael Mollman represented Defendant Varela-Arteaga. The matter is fully submitted and ready for decision.

## *II. BACKGROUND*

The undersigned presided over Defendants' prior proceedings in the instant matter and was scheduled to sentence them on October 28, 2005. While preparing for the sentencings, the undersigned discovered that Wells Fargo holds mortgages on the personal residences of Defendants Ibarra-Castaneda and Varela-Arteaga. In addition, Wells Fargo holds commercial loans, which all of the Defendants have guaranteed, on the corporate Defendants' former property.[1] During a telephonic hearing on October 14, 2005, the undersigned informed Defendants that her husband owns stock in Wells Fargo. Wells Fargo is listed on the undersigned's conflict-of-interest list.[2]

In the instant recusal motions, Defendants allege that, if the court sentenced Defendants Ibarra-Castaneda or Varela-Arteaga to a term of incarceration, Wells Fargo could deem itself "unsecured" and foreclose on over $750,000 in loans. Defendants contend there could be a conflict of interest, or at least the appearance of a conflict of

---

[1] The corporate Defendants operated restaurants. It appears these restaurants are now in the hands of a third party who makes payments that are used to satisfy the corporate loans.

[2] The list is posted on the court's website, http://www.iand.uscourts.gov.

2

interest, because the undersigned's husband owns Wells Fargo stock. Defendants do not argue that the undersigned is required to recuse herself in all cases in which a defendant has a mortgage with Wells Fargo. Defendants claim this case is unique because the loan amounts are large and the relationships amongst Defendants and Wells Fargo is complicated and intertwined.

As originally filed, neither motion cited any legal authority. On October 20, 2005, the government resisted the motions.[3] Having read the motions and listened to the parties' arguments at the hearing, the court concludes the recusal motions are based upon 28 U.S.C. § 455(a). For the sake of completeness, the court also considers whether 28 U.S.C. § 455(b)(4) requires recusal.

### III. THE MERITS

#### A. 28 U.S.C. § 455(a)

Title 28, United States Code, Section 455(a) states:

> Any . . . judge . . . of the United States shall disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned.

28 U.S.C. § 455(a). "By enacting section 455(a), Congress sought to eradicate not only actual, but also the appearance of impropriety in the federal judiciary." *Moran v. Clarke*, 296 F.3d 638, 648 (8th Cir. 2002). It is irrelevant, then, whether the judge is actually biased; section 455(a) "sets an objective standard that does not require scienter." *Id.* The statute was intended "to promote public confidence in the integrity of the judicial process." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 859-60 (1988).

---

[3] On October 24, 2005, the court ordered the parties to supplement their motions "setting forth legal citation as to why the court should step aside." On October 27, 2005, Defendant Jose de Jesus Ibarra-Castaneda and the corporate Defendants filed a supplement.

3

"[T]he recusal inquiry must be 'made from the perspective of a reasonable observer who is informed of all the surrounding facts and circumstances.'" *Cheney v. U.S. Dist. Court for D.C.,* 541 U.S. 913, ___, 124 S. Ct. 1391, 1400 (2004) (emphasis omitted) (quoting *Microsoft Corp. v. United States*, 530 U.S. 1301, 1302 (2000)). The Eighth Circuit Court of Appeals has therefore "recast the issue as 'whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case.'" *Moran,* 296 F.3d at 648 (quoting *In re Kan. Pub. Employees Ret. Sys.*, 85 F.3d 1353, 1358 (8th Cir. 1996)); *accord Sw. Bell Tel. Co. v. FCC*, 153 F.3d 520, 523 (8th Cir. 1998) (stating the test as whether "a reasonable person knowing and understanding all the relevant facts would conclude that I should recuse myself" (internal quotation marks and alterations omitted)). The recusal decision under 28 U.S.C. § 455(a) is committed to the sound discretion of the district court. *Moran,* 85 F.3d at 1358.

When all the relevant facts are known, the court finds that a reasonable observer would not question the impartiality of the undersigned in sentencing Defendants. Wells Fargo is not a party to this proceeding. Wells Fargo is not a victim of Defendants' crimes. The sentencings only involve Wells Fargo to the extent that the sentencings might have collateral consequences upon Wells Fargo's financial interests. It is also conceded that the loans are in forbearance until December 30, 2005, and there is no evidence the loans are not fully secured.

Even if the court were to assume Wells Fargo would lose everything it loaned to Defendants if Defendants were incarcerated, it would be a relatively small loss for Wells Fargo. Wells Fargo is a very large corporation with a net worth in the billions. Moreover, the undersigned's husband's ownership interest in Wells Fargo is relatively minute. According to the New York Stock Exchange, there are currently 1.69 billion

shares of outstanding Wells Fargo stock. The undersigned's husband owns 800 shares of Wells Fargo,[4] or 0.0000473% of the total outstanding shares. The court finds a fully informed and reasonable observer would not question the undersigned's impartiality. The court finds such an observer would not believe the undersigned would alter her sentences in order to benefit her husband financially. Indeed, the attorney for Defendant Ibarra-Castaneda and the corporate Defendants conceded at the hearing that a fully informed and reasonable observer would not question the undersigned's impartiality. Accordingly, the undersigned declines to recuse herself as this is not a "proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a).

### B. 28 U.S.C. § 455(b)

Title 28, United States Code, Section 455(b) provides:

> [The judge] shall also disqualify [herself] in the following circumstances:
> . . . .
> [She] knows that . . . [her] spouse . . . has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding.

28 U.S.C. § 455(b)(4). The plain language of the statute requires the undersigned to recuse herself if her husband has (1) a financial interest in the subject matter in controversy, (2) a financial interest in a party to Defendants' sentencings, or (3) any other interest that could be substantially affected by Defendants' sentencings. *Id.*

It is clear the undersigned's husband does not have "a financial interest in the subject matter in controversy." Nor does the undersigned's husband have a financial interest in a party to the sentencing proceedings. Wells Fargo is not a party to any of these

---

[4] The total value of the stock is less than $50,000.

5

Case 1:04-cr-00026-LRR-CJW    Document 269    Filed 10/31/05    Page 5 of 8

criminal actions but merely holds loans the Defendants have guaranteed. The argument for recusal merely concerns a collateral consequence of sentencing Defendants: if Defendants go to prison, Wells Fargo could foreclose on their homes or property.

The critical question is whether the undersigned's husband has "any other interest that could be substantially affected by the outcome of the proceeding." The undersigned concludes her husband does not have such an interest. The reasons for this conclusion are similar to those mentioned in the discussion of 28 U.S.C. § 455(a): the undersigned's husband owns a very small percentage of stock in a large corporation that has a relatively minute and collateral interest in the outcome of this proceeding. Ownership of 0.0000473% of the total shares outstanding in a corporation is clearly not a substantial interest. *See, e.g., United States v. Lauersen*, 348 F.3d 329, 335 (2d Cir. 2003) (holding judge who held .00009% of victim insurer's stock with wife did not have a substantial interest in case, where company was worth $5.8 billion and restitution claim was for $13,046), *vacated on other grounds,* 125 S. Ct. 1109 (2005); *United States v. Ravich*, 421 F.2d 1196, 1205 (2d Cir. 1970) (holding, under prior version of 28 U.S.C. § 455, that judge's ownership of .0072% of outstanding shares of victim bank "was not merely unsubstantial but nonexistent").

In considering 28 U.S.C. § 455(b), the Eighth Circuit Court of Appeals has remarked that it is "reluctant to fashion a rule requiring judges to recuse themselves from all cases that might remotely affect nonparty companies in which they own stock." *Kan. Pub. Employees*, 85 F.3d at 1362. "[S]uch a rule would paint with too broad a stroke." *Id.* "As a general matter, the administratively daunting task of identifying such tangential 'interests' outweighs any benefit of eliminating the remote possibility of consequential bias." *Id.* The court has nonetheless done its best to identify these tangential interests in this case, and, after doing so, concludes recusal is not warranted.

6

Having concluded recusal is not warranted, the undersigned will sentence Defendants. "A judge is as much obliged not to recuse [herself] when it is not called for as [she] is obliged to when it is." *In re Drexel Burnham Lambert, Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988) (quoted with approval in *Sw. Bell*, 153 F.3d at 523). The undersigned also recognizes that, as the judge who sat on the previous proceedings in this case,[5] she has "an obligation to litigants and their colleagues not to remove [herself] needlessly, because a change of umpire in mid-contest may require a great deal of work to be redone . . . and facilitate judge-shopping." *In re Nat'l Union Fire Ins. Co.*, 839 F.2d 1226, 1229 (7th Cir. 1988) (quoted with approval in *Sw. Bell*, 153 F.3d at 523).

### IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

(1) The Motion for Recusal (docket no. 249) filed by Defendants Jose de Jesus Ibarra-Castaneda, Hacienda Las Glorias, Inc., Mexico of Cedar Rapids, Inc., Cuatro, Inc. and Hot Springs, Inc. is **DENIED** and

(2) The Motion for Recusal (docket no. 253) filed by Defendant Luis Armando Varela-Arteaga is **DENIED**.

---

[5] The undersigned presided over Defendant Varela-Arteaga's trial. The other Defendants pled guilty.

**DATED** this 31st day of October, 2005.

*[signature]*
LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

**Filed By:**
**U.S. DISTRICT COURT**
**NORTHERN DISTRICT OF IOWA**

Copies mailed/faxed to counsel of record, pro se parties and others listed here:

10/31/05 copy to non-ecf counsel - de